United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE E. BURTON,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANCIS J. HARVEY, Secretary of the Army,<br><br>    Defendant.<br>_____/ | No. C-95-3097 MMC<br><br>**ORDER RE: UNTIMELY OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

On December 13, 2006, the Court issued an order granting defendant's motion for summary judgment. In that order, the Court observed, inter alia, that although plaintiff was required to file an opposition no later than December 1, 2006, no opposition had been filed. On the same date, after the Court issued its summary judgment order, plaintiff filed a belated opposition to defendant's motion. Plaintiff points out that defendant expressly stated in his motion for summary judgment that plaintiff's opposition "must be filed with the Court and served on Defendant no later than October 13, 2006," (see Motion at 1:14-26); plaintiff attests she "had taken that to be a typo" and believed that the actual deadline was December 13. (See Burton Decl. ¶ 14.) Although Burton had an independent obligation to determine the applicable deadline, the Court nonetheless accepts Burton's representation and will consider her opposition.

1　　　　Having reviewed the papers submitted in support of plaintiff's opposition, however,
2　the Court finds plaintiff has not raised a triable issue of material fact with respect to her
3　claims of gender and racial harassment in violation of Title VII of the Civil Rights Act of
4　1964.  In particular, plaintiff has submitted no evidence to support a finding that any
5　conduct on the part of plaintiff's former supervisor was, either in whole or in part, motivated
6　by plaintiff's sex or race.  See, e.g., Oncale v. Sundowner Offshore Services, Inc., 523 U.S.
7　75, 80 (1998) (holding Title VII prohibits harassment "because of" sex); Manatt v. Bank of
8　America, 339 F.3d 792, 798 (9th Cir. 2003) (holding plaintiff's prima facie case of racial
9　harassment requires showing that conduct was "because of" race).  As the Supreme Court
10　has observed, Title VII is not "a general civility code for the American workplace."  See
11　Oncale, 523 U.S. at 81.
12　　　　Accordingly, the Court finds plaintiff's opposition sets forth no evidence suggesting
13　that the Court's order granting summary judgment for defendant should be set aside.
14　　　**IT IS SO ORDERED.**

16　Dated: December 14, 2006　　　　　　　　　　　MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

2